### ATWATER *v.* RESPESS *et al.*

*Simmons, C. J.*—Where a wife, upon the refusal of her husband so to do, made an application to the ordinary for an exemption of realty out of land belonging to the husband, but not praying therein for any exemption of personalty, the exemption of realty, after being duly set apart and approved by the ordinary, was not, under sections 2003 and 2005 of the code, void because of the applicant's failure to attach to her application a schedule·

of personal property belonging to the husband, nor because in such application it was incorrectly stated that the husband owned no personal property. The requirements of these sections in relation to the schedule of personalty are applicable only when an exemption in personalty is sought.

August 12, 1895.        *Judgment affirmed.*

Levy and claim. Before Judge Griggs. Calhoun superior court. December term, 1894.

On October 2, 1882, one Hightower obtained judgment in Pike county against W. T. Respess, maker, and Mrs. Atwater, endorser. On March 6, 1886, the execution issued from this judgment was transferred by Hightower to Mrs. Atwater (who is a sister of W. T. Respess); and on May 6, 1891, it was levied on 500 acres of land in Calhoun county, to which a claim was interposed by the wife of Respess, for herself and as agent for his minor children by a former wife, claimant having applied, April 27, 1891, for a homestead in this land, to the ordinary of Upson county where the family resided. Her application recites, that Respess owns no personal property, that said 500 acres (with 50 acres in Early county, sought to be set apart with the 500 acres) is the only estate owned by Respess, and that he owns no property in Upson county. Under the evidence introduced, the court held that claimant was not bound to attach to her application for homestead a schedule of personal property of her husband; and directed a verdict in her favor. Each of these rulings is assigned as error.

The application for homestead was approved by the ordinary of Upson county on July 22, 1891. In evidence appears a deed ·dated November 1, 1864, conveying the property in dispute to defendant in *fi. fa.* Also, a deed to him from his former wife, dated December 1, 1881, in consideration of $10 and love and affection for her husband and children, conveying a plantation in Upson county known as the home place, containing 1,287 acres, with all the stock and implements on said place; also a plantation of

350 acres, a house and lot of seven eighths of an acre in Barnesville, Pike county, and 157 acres of land in Pike county; in trust for the children named, as well as for the use and benefit of Respess for his life, with power in him to manage and control the property, and to apply the proceeds and whatever part of the corpus in his judgment may be necessary for his support and the support, maintenance, and education of the children, and to make sale of all or any of said property without order of court or making return of his acts, the property not to be subject to any debt of his, present or future, and at his death to be equally divided among said children, one of whom was named James C. Respess.

W. T. Respess testified: I employed counsel, as agent for my wife, to obtain homestead. I as her agent first spoke to counsel about it. I carried or sent her to Thomaston the day she made application for homestead. She learned from me who my creditors were, and the property I owned. I paid the cost for the homestead to the ordinary. My wife was not present. She inherited the money from her father's estate. She is my second wife; have been married to her about six years. She owned some money when I married her; spent some of it, and has some of it now. She owned house and lot in Barnesville when homestead was obtained. She knew what property I owned at the time she made application for homestead, from being generally informed of my business transactions. I don't remember who rendered in schedule of property when homestead was applied for. Counsel looked after obtaining same. I think I carried the money to Thomaston and gave it to the ordinary to pay for having homestead lands surveyed. Don't remember how long my first wife lived after making the deed of 1881; she had been sick quite a while; we hoped she would get well at the time she made the deed. Physicians did not advise us as to whether she would. Perhaps I owed the debt for which this *fi. fa.* is levied, at the

time the deed was made. I had given the major part of the property included in above deed, to my wife in latter part of sixties or early part of seventies. All the stock, cattle, hogs, implements and produce on place on July 22, 1891, were derived from handling the property described in above deed made December 1, 1881. If I received any of the above personal property, I invested proceeds in comforts for my family. Said deed was made at instance of my first wife. I did not suggest writing it.

J. W. Atwater, plaintiff's husband, testified: Debt on which *fi. fa.* in this case is founded was one which W. T. Respess owed his father, Nathan Respess, years ago, and which his father transferred to plaintiff as part of her interest in his (her father's) estate. The debt has existed about twenty years. Defendant was owing it at the time and before he gave this property in Upson county to his wife, and which is described in the deed of 1881. The two pieces of land in Upson county were worth at least six dollars per acre in July, 1891. Defendant is ordinarily healthy. His life-estate or interest in all the property described in said deed was reasonably worth $1,469 on July 22, 1891. James C. Respess died sixteen or eighteen months before December 11, 1891, perhaps longer. There has been no administration on his estate. He is the same James C. mentioned in the deed of 1881. W. T. Respess has household and kitchen furniture, and has had it fifteen or twenty years. He had a watch several years ago. I do not know whether he owns it now or not. He has a gun, and has had ever since I knew him.

*L. G. Cartledge* and *Allen & Sandwich*, for plaintiff.
*J. J. Beck*, by *Harrison & Peeples*, contra.